HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH PELZEL,<br><br>                    Plaintiff,<br><br>     v.<br><br>LSI TITLE AGENCY, INC., et al.,<br><br>                    Defendants. | No. CV 11-05106RBL<br><br>ORDER DENYING MOTION TO DISMISS [Dkt. #13] |

THIS MATTER is before the court on Defendants' Motion to Dismiss. The underlying case involves a "subprime" mortgage and subsequent foreclosure. Plaintiff is the debtor and the defendants all played some role in the loan and the foreclosure. A subset of the Defendants, including LSI, GMAC, Homecomings, and MERS, argue that Plaintiff's Complaint does not state a claim under Fed. R. Civ. P. 12(b)(6).

This case differs from more garden variety foreclosure cases in one important respect: the Plaintiff claims that the lender and/or other defendants surreptitiously changed the legal description on the Deed of Trust to encumber not only the home which was the subject of the loan transaction, but also an unrelated vacant parcel also owned by the Plaintiff.

ORDER - 1

Based primarily on this allegation, Plaintiff asserts a number of claims: defective trustee's sale under RCW 61. 24.030; defective foreclosure; quiet title; slander of title; breach of contract; breach of the duty of good faith and fair dealing, violations of the Consumer Protection Act, and unjust enrichment. Plaintiff's claims are also based on the more common array of complaints about the actual ownership of the note, the timing of the notice of default as compared to the dates the note was purportedly assigned, and the role of Defendant MERS as the lender's (or its assigns') "nominee" under Washington's Deed of Trust Act, RCW 61.24.030

Defendants' Rule 12(b)(60 Motion is based on the now familiar *Twombly/Iqbal* standard. They argue that Plaintiff has not sufficiently pled any of the various claims he asserts.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*).

The Defendants' Motion does not address the Plaintiffs' claim that his legal description was surreptitiously altered, in a manner that provided additional collateral for the loan without the plaintiff borrower's knowledge or consent. Their Reply[1] does not address this claim, at all.

Instead, Defendants stand on their claim that the Plaintiff's pleading is deficient under Rule 8 and the *Twombly/Iqbal* standard. They claim that the Plaintiff's allegations about MERSs' role in the transaction are insufficient. Defendants argue that Plaintiff has not provided "any evidentiary support" for the claim that the Promissory Note was sold to a Securitized Trust. They argue that Plaintiffs' allegations on these matters do not support a breach of contract claim.

The Plaintiff's Complaint sufficiently alleges facts in support of all of the claims arising out of the alleged surreptitious addition of a separate parcel to his Deed of Trust. The Defendants do not strenuously or persuasively contend otherwise. All nine of Plaintiff's causes of action appear to be based at least in part on this factual allegation. The Motion to Dismiss these claims is DENIED.

Plaintiff also asserts a subset of these claims based on his contention that the "separation" of the Note and the Deed of Trust leaves the lender unsecured, and that MERS is not a valid beneficiary under Washington's Deed of Trust Act. As this Court explained recently in *Bain v OneWest Bank, et al,* No. CV09-0149JCC, MERSs' eligibility to serve as a beneficiary "remains patently unclear" and is an open question in this state. Indeed, that issue is currently working its way through the Washington Courts. *See Vinlaun v. Fidelity National Title & Escrow,* No. 10-2-27688-2 SEA (King County Superior Court).

---

[1] Defendants' Reply also argues that the court should Strike the Plaintiff's Response for being four days late. This request is DENIED.

The Plaintiffs' Complaint sufficiently alleges claims arising out of MERSs' relationship to the transaction, and regarding the timing and efficacy of various assignments, under the Rule 12(b)(6) standard articulated above.

Specific, fact-based attacks on Plaintiff's various claims under Rule 56 may yield a different result. The Defendants' Motion to Dismiss under Rule 12(b)(6) [Dkt. #13] is DENIED.

**IT IS SO ORDERED.**

Dated this 19th day of May, 2011.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE