1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

KEITH PELZEL,

7
                                    Plaintiff,

8            v.

9    LSI TITLE AGENCY, INC.; GMAC
     MORTGAGE, LLC; HOMECOMINGS
10   FINANCIAL NETWORK, INC.; FIRST
     AMERICAN TITLE INSURANCE
11   COMPANY; MORTGAGE ELECTRONIC
     REGISTRATION SYSTEMS, INC.; et al,
12

13                                  Defendants.

Case No. 3:11-cv-05106-KLS

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT FILED BY
DEFENDANTS LSI AND MERS AS
JOINED IN BY DEFENDANT FATICO
AND DENYING PLAITIFF'S MOTION
FOR EXTENTION OF TIME

14
15
16
17
18
19
20
21
22
23
24
25
26

        This matter comes before the Court on the filing of a motion for summary judgment

brought by defendants LSI Title Agency, Inc. ("LSI") and Mortgage Electronic Registration

Systems, Inc. ("MERS"). The parties have consented to have this matter heard by the

undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure

("Fed. R. Civ. P.") 73 and Local Rule MJR 13. After having reviewed defendants' motion for

summary judgment, the notice of joinder in that motion filed by defendant First American Title

Insurance Company ("FATICO"), plaintiff's motion for extension of time to file a response to

defendants' motion for summary judgment, defendants' responses thereto, and the remaining

ORDER - 1

record, the Court finds that plaintiff's motion for extension of time to respond to the summary

judgment should be denied, that the motion for summary judgment should be granted and that all

claims asserted by plaintiff should be dismissed.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

On September 5, 2005, plaintiff signed a promissory note for a loan in the amount of

$350,000 from defendant Homecomings Financial Network, Inc. <u>See</u> ECF #70-1, Exhibit 1. That

note was secured by a deed of trust dated the same date against certain real property owned by

plaintiff located at 20847 O'Connor Road, Centralia, Washington.[1] <u>See</u> ECF #70, p. 1; ECF #70-

1, Exhibit 1. The deed of trust identified MERS as the beneficiary and FATICO as the trustee

thereof. <u>See</u> ECF #70-1, Exhibit 1. In September 2009, MERS assigned all beneficial interest it

had in the deed of trust to GMAC Mortgage, LLC ("GMAC"). <u>See</u> ECF #70, p. 2; ECF #70-1,

Exhibit 2. Also in September 2009, GMAC appointed LSI as successor trustee. <u>See</u> ECF #70, p.

2; ECF #70-1, Exhibit 3.

On October 7, 2009, a copy of the deed of trust containing a corrected legal description of

the real property referenced in the initial deed of trust was recorded. <u>See</u> ECF #2-2, Exhibit K;

ECF #70, p. 2; ECF #70-1, Exhibit 4. On November 16, 2009, LSI sent plaintiff a notice of

default in regard to his loan based on the corrected deed of trust, indicating that as of that date an

estimated $346,031.07 was required to pay of the entire debt secured by the deed of trust. <u>See</u>

ECF #2-1, Exhibit A, pp. 31-36; ECF #70, p. 2; ECF #70-1, Exhibit 5. On October 18, 2010, LSI

recorded a notice of trustee's sale in regard to the real property, stating that as of that date the

amount to cure the defaulted payments on the outstanding loan was $56,755.42, and that the

---

[1] The parties dispute whether the deed of trust also should have referenced a second parcel of land adjoining the first one noted above. <u>See</u> ECF #2-1, Exhibit A, pp. 10-26; ECF #69, p. 3 and n.1. As noted by defendants, that dispute is irrelevant to the resolution of this matter.

ORDER - 2

required amount to pay off the loan was $372,488.34. <u>See</u> ECF #2-2, Exhibit P. The notice also stated that the sale would occur on January 21, 2011, and that the loan default would have to be cured before January 10, 2011, to discontinue the sale. <u>See</u> <u>id.</u>

On January 6, 2011, plaintiff filed a complaint in Thurston County Superior Court for defect in trustee's sale, defective initiation of foreclosure, quiet title, slander of title, breach of contract, violation of Washington's Consumer Protection Act, unjust enrichment, and breach of trustee's fiduciary duty of good faith. <u>See</u> ECF #2-1, Exhibit A. Plaintiff sought relief in the form of, among other things, vacating the trustee's sale, damages, and voiding of all security interests in the real property. <u>See</u> <u>id.</u> That same date, plaintiff also filed in superior court a motion for a temporary restraining order to restrain the trustee sale, but cancelled the hearing on that motion based on defendants' apparent agreement to continue the trustee's sale. <u>See</u> ECF #2-2, Exhibit P; ECF #21, p. 2. Because the sale was only postponed, instead of cancelled, on February 2, 2011, plaintiff filed the motion again in state court. <u>See</u> ECF #21, p. 2.

On February 3, 2011, defendants filed a notice of removal of plaintiff's complaint to this Court. <u>See</u> ECF #1. On March 9, 2011, plaintiff again filed a motion for temporary restraining order and preliminary injunction, this time in this Court, to restrain the trustee's sale. <u>See</u> ECF #19. That motion was withdrawn on March 28, 2011, in light of defendants notifying plaintiff that the trustee sale had been placed on indefinite hold. <u>See</u> ECF #27.

On August 17, 2012, plaintiff filed for chapter 11 bankruptcy, which was converted to a chapter 7 bankruptcy case on April 1, 2013. <u>See</u> ECF #61, p. 2. Mark Waldron was appointed as chapter 7 trustee for plaintiff's bankruptcy estate. <u>See</u> <u>id.</u> According to a declaration from Mr. Waldron, dated December 27, 2013, plaintiff's lawsuit "was not identified as an asset of the Bankruptcy Estate on [his] schedules," although at some point he "became aware of" it "and the

ORDER - 3

claims being asserted . . . against the various defendants." Id. at pp. 1-2. Mr. Waldron also states

in the declaration that he had "tentatively reached a settlement with the defendants in this case

that, once approved by the Bankruptcy Court, would result in a dismissal of all [such] claims . . .

with prejudice," but that he had "not yet been able to seek [such] approval . . . because of other

issues" he was "addressing with [plaintiff] and his counsel," although he "hop[ed] to have those

issues resolved within the next couple of months." Id. There is no indication in the record before

this Court as to what, if anything, has happened in regard to the resolution of those issues or the

Bankruptcy Court's approval of the tentative settlement.

Defendants LSI and MERS filed their motion for summary judgment on August 5, 2014,

arguing plaintiff's claims against them should be dismissed because:

- plaintiff is a chapter 7 bankruptcy debtor, not the real party in interest in this case, and thus lacks standing to prosecute his claims;

- plaintiff cannot assert a claim under Washington's Deed of Trust Act;

- plaintiff cannot maintain a quiet title claim against GMACM, LSI or MERS;

- plaintiff cannot maintain a slander of title claim against LSI;

- plaintiff has no breach of contract claim against LSI or MERS;

- plaintiff cannot satisfy the causation or injury elements of a Washington Consumer Protection Act claim;

- plaintiff cannot maintain a claim for unjust enrichment; and

- LSI did not breach its duty of good faith.

ECF #69. Defendants LSI and MERS noted their motion for summary judgment for August 29,

2014. See id. On August 8, 2014, defendant FATICO filed a joinder in the motion for summary

judgment, also requesting that all claims against it asserted by plaintiff be dismissed on the same

bases as those asserted by defendants LSI and MERS. See ECF #73.

ORDER - 4

On August 29, 2014, plaintiff filed a motion for extension of time to respond to the motion for summary judgment, including FATICO's joinder therein, noting the motion for September 19, 2014. See ECF #29.  Defendants LSI and MERS filed their response thereto on September 2, 2014, and defendant FATICO filed its response one day later. See ECF #82 and #84. To date, no other action by the bankruptcy trustee in regard to this case or the claims raised by plaintiff appears to have been taken, nor is any such action reflected in the record before this Court. See ECF #70, p. 2.

DISCUSSION

I.     Standard of Review

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). In deciding whether summary judgment should be granted, the Court "must view the evidence in the light most favorable to the nonmoving party," and draw all inferences "in the light most favorable" to that party. T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). When a summary judgment motion is supported as provided in Fed. R. Civ. P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his or her response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e)(2).

If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. See id. The moving party must demonstrate the absence of a genuine issue of fact for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude

ORDER - 5

summary judgment. See California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." T.W. Electrical Serv., 809 F.2d at 630.

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." Id. Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" Id. (quoting Anderson, 477 U.S. at 290); see also California Architectural Building Products, Inc., 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990).

The Court may enter summary judgment *sua sponte* for a party if "there is no genuine dispute respecting a material fact essential to the proof of [the] movant's case." Buckingham v. U.S., 998 F.2d 735, 742 (9th Cir. 1993) (quoting Cool Fuel, Inc. v. Connett, 685 F.2d 309, 311 (9th Cir. 1982)); see also Oluwa v. Gomez, 133 F.3d 1237, 1239 (9th Cir. 1998). However, the losing party "must be given reasonable notice that the sufficiency of his or her claim will be in issue." Id. "Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." Buckingham, 998 F.2d at 742 (quoting Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985)); see also Oluwa, 133 F.3d at 1239 ("sua sponte summary judgment appropriate only where losing party is on notice that she had to come forward with all of her evidence") (citing Celotex Corp. v. Catrett,

ORDER - 6

1   477 U.S. 317, 326 (1986)).

2   II.      Plaintiff's Motion for Extension of Time

3            In his motion for extension of time, plaintiff requests an additional six weeks to file a

4   response to defendants' motion for summary judgment, because "this case involves numerous

5   genuine issues of material fact" and thus the "short noting date" of 24 days after the motion for

6   summary judgment was filed is "extraordinarily burdensome" on both plaintiff and his counsel,

7   and because plaintiff's counsel "only just" submitted plaintiff's responses to defendants' requests

8   for production of documents and interrogatories. ECF #81, pp. 1-2. Plaintiff further asserts

9

10  defendant FATICO's joinder did not comply with Local Rule 7(d)(3), which requires dispositive

11  motions to be filed no earlier than the fourth Friday after filing and service of the motion. See id.

12  Lastly, plaintiff asserts:

13

14          . . . Counsel for Plaintiff has had an extraordinarily busy month in August,
            which included matters involving two high-profile foreclosures and eviction
15          cases, . . . which required counsel's response to numerous local and national
            media outlets, high-profile communications with the Seattle Mayor's office,
16          the Seattle City Council, and the King County Sherriff's Department. In
            addition, counsel has an appeal brief due in the Court of Appeals Division II
17          . . . and oral argument in Division II on September 9 . . . Plaintiff's due
            process rights should not be compromised due to counsel's required
18          attention to these high-profile and sensitive matters that created an unusual
            burden on counsel's time and litigation schedule.
19

20  Id. at p. 2. Defendants LSI, MERS and FATICO all object to plaintiff's request for an extension

21  of time. See ECF #82 and #84. Nor is that request well-taken by the Court.

22          First, plaintiff did not file her motion for extension of time until well after the date for

23  filing a response to defendants' summary judgment motion had passed, and plaintiff has offered

24  no explanation as to why his request for additional time could not have been timely submitted.

25  Second, although plaintiff's complaint may involve a number of claims and issues of varying

26  complexity, no showing has been made that the time provided for responding to LSI's and

    ORDER - 7

1    MERS' motion – which provision the Court notes complied with Local Rule 7(d)(3) – was

2    inadequate to address the arguments set forth therein. Nor does plaintiff make any attempt to

3    show the existence of genuine issues of material fact he claims are present in this case, or at least

4    that are relevant to defendants' motion.

5         Third, while responses to requests for production of documents and interrogatories may

6    only have just been submitted by plaintiff's counsel, that appears to be the result of her own

7    failure to produce them in a timely manner originally (see ECF #65-#68, #72). Fourth, while it

8    may be that plaintiff's counsel "had an extraordinarily busy month in August" (ECF #81, p. 2),

9    no attempt appears to have been made to inform the Court or defendants of this fact until well

10   after the date for responding to the motion for summary judgment had passed. Fifth, although

11   plaintiff argues his "due process rights should not be compromised due to counsel's required

12   attention to these high-profile and sensitive matters that created an unusual burden on counsel's

13   time and litigation schedule" (id.), that is of plaintiff's counsel's own doing and not the fault of

14   either the Court or defendants.

15        Plaintiff also has not made any showing as to what due process he is owed that was not

16

17   already provided by the time frame for responding to summary judgment motions set forth in the

18   local rules of civil procedure, or how any rights thereto are violated by complying therewith or

19   by the denial of his untimely motion for extension of time. Sixth, and finally, while it may be

20   that with respect to FATICO's joinder the noting date should have been set for consideration on

21   the following Friday, September 5, 2014, in light of Local Rule 7(d)(3) as plaintiff asserts, this

22   does not excuse him from timely responding to the original summary judgment motion. Further,

23   as explained in greater detail below, because plaintiff lacks standing to prosecute his claims and

24   that issue was raised in the original motion thereby giving plaintiff sufficient time to respond to

25

26

ORDER - 8

1    it, and because the standing issue applies equally to all defendants in this case, any defect in the

2    notice provided by FATICO in regard to its joinder does not impinge on plaintiff's due process

3    or other right to be heard here. Accordingly, plaintiff's request for additional time to respond to

4    defendants' motion for summary judgment is denied.

5    III.    Plaintiff's Lack of Standing

6           "A federal court may exercise jurisdiction over a litigant only when that litigant meets

7    constitutional and prudential standing requirements." In re Veal, 450 B.R. 897, 906 (9th Cir.

8    BAP 2011) (citing Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004)). "Standing

9    is a 'threshold question in every federal case, determining the power of the court to entertain the

10   suit.'" Id. (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). "Constitutional standing requires

11   an injury in fact, which is caused by or fairly traceable to some conduct . . . which the requested

12   relief will likely redress." [2] Id. (citing Arizona Christian Sch. Tuition Org. v. Winn, --- U.S. ---,

13   131 S.Ct. 1436, 1442 (2011)); see also Dunmore v. United States, 522 F.3d 965, 971 (9th Cir.

14   2009). Prudential standing, in turn, "embodies judicially self-imposed limits on the exercise of

15   federal jurisdiction." In re Veal, 450 B.R. at 906 (quoting Sprint Commc'ns Co. v. APCC Servs.,

16   Inc., 554 U.S. 269, 289 (2008) (quoting Elk Grove, 542 U.S. at 11)).

17          "[O]ne component of prudential standing is . . . the doctrine that a plaintiff must assert its

18   own legal rights and may not assert the legal rights of others." Id. (citing Sprint, 554 U.S. at 289;

19   Warth, 422 U.S. at 499; Oregon v. Legal Servs. Corp., 552 F.3d 965, 971 (9th Cir. 2009); see

20   also Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004). But when bankruptcy is

21   declared, "all the 'legal or equitable interests'" the debtor has in his or her property becomes the

22   property of the bankruptcy estate, which is represented by the bankruptcy trustee. Turner v.

---

[2] Defendants do not argue that constitutional standing is absent in this case, nor does the Court so find.

ORDER - 9

Cook, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (quoting 11 U.S.C. § 541(a)(1)); see also Estate of

Spirtos v. One San Bernardino County Super. Ct., 443 F.3d 1172, 1175-76 (9th Cir. 2006) (citing

11 U.S.C. § 323(a) ("The trustee. . . is the representative of the estate.")); Cusano v. Klein, 264

F3d 936, 945 (9th Cir. 2001) ("An 'estate' is created when a bankruptcy petition is filed. . . .

Property of a bankruptcy estate includes all legal or equitable interests of the debtor in property

as of the commencement of the case.") (quoting 11 U.S.C. § 541(a)(1)); In re Kreisel, 399 B.R.

679, 687 (Bankr. C.D. Cal. 2008).

The property of the bankruptcy estate, furthermore, includes "any of [the debtor's] causes

of action." Cusano, 264 F.3d at 945; see also McGuire v. United States, 550 F.3d 903, 914 (9th

Cir. 2008) (bankruptcy debtor's Tucker Act claim belonged to bankruptcy estate); Turner, 362

F.3d at 1226; In re Curry and Sorensen, Inc., 57 B.R. 824, 828-29 (9th Cir. BAP 1986) ("An

action to set aside a fraudulent transfer must be brought in the name of the bankruptcy estate as

the real party in interest."). In addition, except in certain circumstances not applicable here, the

trustee, as representative of the bankruptcy estate, is endowed "with the exclusive right to sue on

behalf of the estate." Spirtos, 443 at 1176; see also McGuire, 550 F.3d at 914; Turner, 362 F.3d

at 1225-26; 11 U.S.C. § 323(b) ("The trustee . . . has capacity to sue and be sued.").

In general, therefore, upon filing for bankruptcy, the bankruptcy debtor is "no longer a

real party interest" in a cause of action he or she filed prior to declaring bankruptcy, and thus

"has no standing to pursue" it. Turner, 362 F.3d at 1225-26; see also In re Lopez, 2012 WL

603675, *3 (9th Cir. BAP 2012) ("[G]enerally speaking, only the trustee has standing to

prosecute claims for relief that are estate property."); McGuire, 550 F.3d at 914 (only bankruptcy

trustees, debtors-in-possession, or bankruptcy court authorized entities have standing to sue on

behalf of estate); Spirtos, 443 F.3d at 1175 ("[U]nder some circumstances, the trustee may

authorize others to bring suit, but . . . the right to bring suit – or chose not to do so – belongs to the trustee in the first instance."); <u>Cullen v. Bank One Corp.</u>, 145 Fed. Appx. 192 (9th Cir. 2005) ("Upon the filing of the petition, the lawsuit became property of the bankruptcy estate, and [the debtor] thus lacked standing to continue as a plaintiff."); <u>In re Kreisel</u>, 399 B.R. at 687 (chapter 7 debtor has no standing to sue on appointment of trustee, as trustee is vested with all of debtor's causes of action) (citing <u>In re Eisen</u>, 31 F.3d 1447, 1451 n. 2 (9th Cir. 1994)).

When plaintiff filed his complaint in state court, he had not yet declared bankruptcy. Nor had he yet done so when the case was removed to this Court. Accordingly, up until August 17, 2012, when he filed his petition for chapter 11 bankruptcy, plaintiff rightfully prosecuted his case in both state court and then in federal court.  Upon filing for bankruptcy, though, all causes of action he had became the property of the bankruptcy estate, as represented by the bankruptcy trustee. As of the filing, therefore, only the bankruptcy trustee had proper standing to prosecute this case as the real part in interest. Further, even though as noted above the bankruptcy trustee stated in his declaration that a tentative settlement had been reached with defendants, there is no evidence that he in fact has substituted himself in as plaintiff in this case.

As indicated above, in certain circumstances the exclusive right to sue on behalf of the estate may be divested from the bankruptcy trustee. Those circumstances are not present here. For example, "[o]n request of a party in interest and after notice and a hearing, the [bankruptcy] court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." <u>Spirtos</u>, 443 F.3d at 1176 (quoting 11 U.S.C. § 554(b)). However, there is no evidence that plaintiff "sought an abandonment of the [bankruptcy] estate's . . . claims" in this case. <u>Id.</u> Because he "did not receive authorization to sue from the [bankruptcy] trustee," furthermore, he "lacks standing to assert" those claims "on

ORDER - 11

behalf of the estate." <u>Id.</u>; <u>see also</u> 11 U.S.C. § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.").

Nor is there any evidence that the claims in this case actually have been abandoned, thereby enabling plaintiff to continue to pursue them. A debtor may regain standing to bring a claim that is the property of the estate when the bankruptcy trustee abandons the claim, "because 'upon abandonment, the debtor's interest in the property is restored *nunc pro tunc* as of the filing of the bankruptcy petition.'" <u>Kreisel</u>, 399 B.R. at 687 (quoting <u>Catalano v. Comm'r of Internal Revenue</u>, 279 F.3d 682, 685 (9th Cir. 2002)). Abandonment is "the formal relinquishment of the property at issue from the bankruptcy estate." <u>Id.</u> No such formal abandonment appears to have occurred in regard to the claims in this case. Indeed, the bankruptcy trustee's statement that he reached a tentative settlement with defendants, awaiting only bankruptcy court approval thereof, strongly indicates plaintiff's claims had not been abandoned.

To be properly abandoned, the property interest also first must be "*scheduled under section 521(1)*" of the Bankruptcy Code and, as noted above, "not otherwise administered at the time of the closing of a [bankruptcy] case." <u>Id.</u> (quoting 11 U.S.C. § 554(c)) (emphasis in original); <u>see also</u> <u>Dunmore</u>, 358 F.3d at 1112 (debtor seeking bankruptcy has "duty to carefully schedule his assets . . . on his bankruptcy petition"); <u>Cusano</u>, 264 F.3d at 946 (debtor has duty to prepare schedules carefully, completely and accurately). Thus, "a cause of action that was never disclosed in the bankruptcy petition cannot be abandoned." <u>Kreisel</u>, 399 B.R. at 688 (quoting <u>In Moreno v. Autozone, Inc.</u>, 2007 WL 1063433, *3); <u>see also</u> <u>Lopez</u>, 2012 WL 603675 at *3 (even though debtors did not list their claims in their bankruptcy schedules as assets, those claims became bankruptcy estate's property, and "only could be prosecuted by the Trustee, unless the

ORDER - 12

Trustee abandoned them."); <u>Dunmore</u>, 358 F.3d at 1112 ("By operation of statute, assets that [the debtor] failed to schedule remained the bankruptcy estate's property, even after the court discharged his debt.") (citing 11 U.S.C. § 554(c), (d)); <u>Cusano</u>, 264 F.3d at 945-46 (if debtor fails "properly to schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and d[oes] not revert to" debtor).

As noted above, the bankruptcy trustee expressly stated in his declaration that "this lawsuit was not identified as an asset of the Bankruptcy Estate on Mr. Pelzel's schedules." ECF #62, pp. 1-2. Nor is there any indication that plaintiff's bankruptcy case has been closed, such that to the extent the claims he raises here have not yet been administered in that case they have reverted back to him. "[P]roper abandonment" of a claim also "requires that the trustee give all creditors notice of his intent to abandon a claim." <u>Kreisel</u>, 399 B.R. at 688; <u>see also</u> 11 U.S.C. § 554(a) (requiring "notice and a hearing" before abandonment by bankruptcy trustee). As such, "there is no abandonment without notice to creditors." <u>Sierra Switchboard Co. v. Westinghouse Electric Corp.</u>, 789 F.2d 705, 710 (9th Cir. 1986) (claim was not abandoned because nothing in record indicated creditors were notified of trustee's intent to abandon it). Thus, to the extent the bankruptcy trustee did intend to abandon plaintiff's claims in this case, there is no evidence or indication that the required notice of such intent has been provided.

<u>CONCLUSION</u>

Because plaintiff, a bankruptcy debtor, is not the real party in interest in regard to the claims in this case, but rather the bankruptcy estate, and because there is no evidence that those claims have been properly abandoned by the bankruptcy trustee, plaintiff lacks proper standing to prosecute them here. Accordingly, defendants' motion for summary judgment, as joined in by defendant FATICO (<u>see</u> ECF #69 and #73), hereby is GRANTED with regard to all of plaintiff's

ORDER - 13

1   claims, and for the reasons discussed above plaintiff's motion for extension of time to respond to

2   the motion for summary judgment (see ECF #81), hereby is DENIED.

3       DATED this 18th day of September, 2014.

4

5

6

7       Karen L. Strombom
        United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 14